**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LORENA SALGADO, | ) | NO. CV 05-1839-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | ) ) ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that the decision of the Commissioner of the Social Security Administration is reversed and the matter is remanded for the immediate calculation and payment of benefits.

**PROCEEDINGS**

Plaintiff filed a complaint on March 16, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 7, 2005.

1   On August 19, 2005, Plaintiff filed a "Memorandum in Support
2  of Plaintiff's Complaint; Points and Authorities," which the Court
3  construes as a motion for summary judgment.  Defendant filed a cross-
4  motion for summary judgment on October 26, 2005.  The Court has taken
5  both motions under submission without oral argument.  See L.R. 7-15;
6  Order filed March 18, 2005.

## STANDARD OF REVIEW

   Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if: (1) the Administration's
findings are supported by substantial evidence; and (2) the
Administration used proper legal standards.  See Swanson v.
Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

## DISCUSSION

   Plaintiff asserts disability based on a combination of alleged
impairments (Administrative Record ("A.R.") 34-39, 83).  In 2000, an
Administrative Law Judge ("ALJ") examined the medical record and
heard testimony from Plaintiff (A.R. 29-42, 125-248).  In a decision
dated May 25, 2000, the ALJ found Plaintiff has severe impairments,
but retains the residual functional capacity to perform her past
relevant work as a small parts assembler (A.R. 14-19).

   In the May 25, 2000 decision, the ALJ rejected the opinion of
Plaintiff's treating physician, Dr. Yagoobian, regarding Plaintiff's
impairments and work limitations (A.R. 17).  In a Physical Residual

2

1  Functional Capacity Questionnaire dated December 6, 1999, Dr.
2  Yagoobian listed diagnoses of "lupus arthritis," "cataract," "post
3  accident injury to Plaintiff's [right] shoulder and [right] wrist,"
4  "HTN" (hypertension), and pterygium growths (A.R. 203).  Dr.
5  Yagoobian further opined that Plaintiff is "incapable of even 'low
6  stress' jobs"; can sit for only two hours and stand or walk for less
7  than two hours in an eight hour work day; must take frequent
8  unscheduled breaks lasting half an hour; can only lift and carry less
9  than ten pounds occasionally; cannot use her right hand, fingers, and
10 arm to manipulate objects or reach overhead; and must be absent from
11 work more than four times a month due to her impairments (A.R. 204-
12 06).  The ALJ accorded "relatively little weight" to Dr. Yagoobian's
13 opinion, reasoning that:

15     [Dr. Yagoobian's] residual functional capacity
16     questionnaire is not consistent with either his clinic
17     records or the objective clinical findings in those
18     records and other evidence.  There is, as noted, no
19     objective evidence of lupus, arthritis, or cataract. .
20     . .  Similarly, while Dr. Yagoobian stated that
21     [Plaintiff] was incapable of even "low stress" jobs,
22     there is no evidence that [Plaintiff] has been
23     diagnosed or treated on an ongoing basis for a mental
24     impairment.

26 (A.R. 17).
27 ///
28 ///

3

1    The Appeals Council denied review (A.R. 3-4).  Plaintiff then
2 sought this Court's review of the denial of benefits.  See Salgado v.
3 Barnhart, No. CV 03-1674-E.  The Court found that the ALJ had failed
4 to articulate sufficient reasons for rejecting Dr. Yagoobian's
5 opinion (A.R. 276-77).  The Court reasoned that "[t]o say that an
6 opinion is not supported by 'objective evidence' is not a
7 sufficiently specific reason for rejecting a treating physician's
8 testimony" (A.R. 277).  The Court also determined to be
9 insufficiently supported the ALJ's finding that Dr. Yagoobian's
10 opinion conflicted with Plaintiff's medical records (A.R. 278-79).
11 The Court noted that "[i]f the ALJ believed Dr. Yagoobian's diagnoses
12 or functional capacity assessment were contrary to, or unsupported by
13 Plaintiff's medical records, the ALJ should have made further
14 inquiry" (A.R. 280).  The Court cited to 20 C.F.R. § 404.1512(e),
15 Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), and Ferguson v.
16 Schweiker, 765 F.2d 31, 37 (3rd Cir. 1985) (A.R. 279-80).  The Court
17 declined to reverse for the immediate payment of benefits and instead
18 remanded the case for further administrative action to afford the ALJ
19 an opportunity to remedy the identified defects in the decision (A.R.
20 281).

22    On remand, the ALJ received additional medical records and
23 heard additional testimony from Plaintiff, a medical expert, and a
24 vocational expert (A.R. 299-407).  The ALJ apparently made no attempt
25 to recontact Dr. Yagoobian regarding his opinion, however, in seeming
26 disregard of authorities cited in the Court's previous opinion.  See
27 20 C.F.R. § 404.1512(e); Smolen v. Chater, 80 F.3d at 1288.  In a
28 decision dated January 18, 2005, the ALJ again found that Plaintiff

4

retains the residual functional capacity to perform her past relevant work, and consequently again denied benefits (A.R. 258-59). The ALJ again rejected Dr. Yagoobian's assessment of Plaintiff's residual functional capacity (A.R. 257). The ALJ stated:

> As described by the medical expert [Dr. Bailey] at the hearing, the updated medical evidence of record does not show persistent and significantly limiting impairment related to lupus arthritis or other orthopedic problems, visual limitations, or psychological symptoms. Dr. Yagoobian's assessment of marked limitations thus seems significantly inconsistent with the scant objective evidence shown in the updated medical evidence of record. And therefore, Dr. Yagoobian seems to uncritically endorse the claimant's subjective complaints.

(A.R. 257).

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating

physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician, he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

The ALJ's January 18, 2005 decision, like his May 25, 2000 decision, failed to provide legally sufficient reasons for rejecting Dr. Yagoobian's opinion.  As before, the ALJ asserted that Dr. Yagoobian's opinion is not supported by the objective medical evidence (A.R. 257).  As the Court previously discussed, however, such an assertion is not a sufficiently specific reason for rejecting a treating physician's opinion.  See Embrey v. Bowen, 849 F.2d at 421.

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1       The ALJ also appeared to base his rejection of Dr. Yagoobian's
2  opinion on the testimony of the non-examining medical expert,
3  Dr. Bailey (A.R. 257).  The opinion of a non-examining physician,
4  however, cannot by itself constitute substantial evidence to reject
5  the opinion of a treating or examining physician.  Lester v. Chater,
6  81 F.3d 821, 830 (9th Cir. 1995).  Dr. Bailey's conflicting opinion
7  therefore did not provide an adequate basis for rejecting Dr.
8  Yagoobian's opinion.
9
10      Defendant argues that an examining, non-treating physician's
11 contradiction of part of Dr. Yagoobian's opinion constitutes a
12 sufficient reason to reject that opinion.  This argument must be
13 rejected.  The mere contradiction of a treating physician's opinion
14 by a non-treating physician cannot satisfy the ALJ's duty to state
15 specific, legitimate reasons for rejecting the treating physician's
16 opinion.  See, e.g., Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.
17 1995).  Such contradiction only lessens the required persuasiveness
18 of the stated reasons, from "clear and convincing" to "specific,
19 legitimate."[2]
20
21      When a court reverses an administrative determination, "the
22 proper course, except in rare circumstances, is to remand to the
23 agency for additional investigation or explanation."  INS v. Ventura,
24 537 U.S. 12, 16 (2002) (citations and quotations omitted); accord
25 Moisa v. Barnhart, 367 F.3d 882, 886-88 (9th Cir. 2004).  Improperly
26 rejected medical opinion evidence, however, should be credited and an
27
28      [2]   See footnote 1, supra.

7

immediate award of benefits should be directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (citations and quotations omitted).

The present case satisfies all three of these conditions. As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Yagoobian's opinion. In addition, the vocational expert testified that, if Plaintiff's residual functional capacity were as limited as Dr. Yagoobian opined, Plaintiff could not perform any work (A.R. 402-06). Thus, no other issues need to be resolved before a determination of disability can be made, and it is clear from the record that, if Dr. Yagoobian's opinion were credited, the ALJ would have to find Plaintiff disabled. Plaintiff therefore is entitled to the immediate calculation and payment of benefits. See, e.g., Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (granting award of benefits rather than remand for further proceedings, where vocational expert testified that, if the plaintiff's improperly rejected testimony regarding his subjective pain were credited, the plaintiff could not work); Reddick v. Chater, 157 F.3d 715, 729-30 (9th Cir. 1998) (same); Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1400 (9th Cir. 1988) (same).

///

///

1     Immediate award of benefits is appropriate for another reason.
2 This Court previously reversed and remanded based on the
3 Administration's failure to provide sufficient reasons for rejecting
4 Dr. Yagoobian's opinion.  The Court now reverses a second time
5 because the Administration has failed to remedy this error.  Thus,
6 the Court already afforded the Administration the opportunity
7 (contemplated in INS v. Ventura) "to consider in the first instance
8 an issue that [the Administration] had not previously addressed."
9 See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).  Under
10 these circumstances, the Court need not provide the Administration
11 with another opportunity to correct its repeated error.  See id.
12 ("Allowing the Commissioner to decide the issue again would create an
13 unfair 'heads we win; tails, let's play again' system of disability
14 benefits adjudication. . . .  Remanding a disability claim for
15 further proceedings can delay much needed income for claimants who
16 are unable to work and are entitled to benefits, often subjecting
17 them to tremendous financial difficulties while awaiting the outcome
18 of their appeals and proceedings on remand") (citations and
19 quotations omitted); cf. Ischay v. Barnhart, 383 F. Supp. 2d 1199,
20 1224 (C.D. Cal. 2005) ("the ALJ's repeated disregard of court-ordered
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  remand instructions inspire [sic] no confidence that a remand would
2  serve any useful purpose").
3
4        LET JUDGMENT BE ENTERED ACCORDINGLY.
5
6           DATED: November 7, 2005.
7
8                           _____/S/_____
                                   CHARLES F. EICK
9                            UNITED STATES MAGISTRATE JUDGE